UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V. CRIMINAL ACTION NO. 3:24-CR-55-KHJ-ASH

ZAID KHALAF

ORDER

Before the Court is the United States' [33] Motion in Limine. The Court grants in part and denies in part the motion.

I. Standard

In limine rulings have "developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility . . . of certain forecasted evidence." *Giles v. State Farm Fire & Cas. Co.*, No. 5:22-CV-19, 2023 WL 5598991, at *3 (S.D. Miss. Aug. 29, 2023) (cleaned up). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *White v. Dolgencorp, LLC*, No. 3:21-CV-738, 2023 WL 2703612, at *1 (S.D. Miss. Mar. 29, 2023) (cleaned up). "Accordingly, evidentiary rulings addressing broad classes of evidence should often be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in proper context." *Id.* (cleaned up).

"An order granting a motion in limine does not preclude the losing party from revisiting the issue at trial, outside the jury's presence." *United States v. Bryan*, No. 3:21-CR-17, 2023 WL 8100552, at *1 (S.D. Miss. Nov. 21, 2023).

II. Analysis

The United States' [33] Motion in Limine seeks to exclude two forms of "irrelevant information" at trial. [33] at 1. The Court addresses each in turn.

First, the United States seeks to exclude any mention of Defendant Zaid Khalaf's "conduct prior to entering the United States." *Id.* The Court denies this aspect of the motion. Based on the limited record before it, the Court cannot say that any such mention is "clearly inadmissible on all potential grounds." *White*, 2023 WL 2703612, at *1 (cleaned up). So the Court defers ruling until trial. *Id.*

And second, the United States seeks to exclude "[a]ny mention of the possible immigration consequences of a conviction in this case, to include the possibility that [Khalaf] could potentially face deportation to another country." [33] at 1. The Court grants this aspect of the motion. "Information regarding the consequences of a verdict is . . . irrelevant to the jury's task." *Shannon v. United States*, 512 U.S. 573, 579 (1994); *see also id.* at 580 (discussing "the principle that jurors are not to be informed of the consequences of their verdicts"); Resp. [36] at 2 n.1 ("[T]he defense will abide by the established rules of procedure.").

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS IN PART and DENIES IN PART the United States' [33] Motion in Limine.

SO ORDERED, this 20th day of March, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE