UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                        CRIMINAL ACTION NO. 3:24-CR-55-KHJ-LGI

ZAID KHALAF

ORDER

Before the Court is the United States' [38] Motion in Limine to Exclude

Improper Evidence and Arguments. The Court grants it in part and denies it in

part.

I.      Standard

In limine rulings have "developed pursuant to the district court's inherent

authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4

(1984). "The purpose of a motion in limine is to allow the trial court to rule in

advance of trial on the admissibility . . . of certain forecasted evidence." *Giles v.*

*State Farm Fire & Cas. Co.*, No. 5:22-CV-19, 2023 WL 5598991, at *3 (S.D. Miss.

Aug. 29, 2023) (cleaned up).

"Evidence should not be excluded in limine unless it is clearly inadmissible

on all potential grounds." *White v. Dolgencorp, LLC*, No. 3:21-CV-738, 2023 WL

2703612, at *1 (S.D. Miss. Mar. 29, 2023) (cleaned up). "Accordingly, evidentiary

rulings addressing broad classes of evidence should often be deferred until trial so

that questions of foundation, relevancy, and potential prejudice can be resolved in

proper context." *Id.* (cleaned up).

"An order granting a motion in limine does not preclude the losing party from revisiting the issue at trial, outside the jury's presence." *United States v. Bryan*, No. 3:21-CR-17, 2023 WL 8100552, at *1 (S.D. Miss. Nov. 21, 2023).

II.    Analysis

The United States moves to exclude four categories of evidence and argument. [38] at 1–6. The Court addresses each in turn.

First, the United States moves to preclude the defense from "making arguments or eliciting testimony that invites jury nullification or otherwise encourages the jury to disregard its sworn duty to apply and follow the law." [38] at 1. The Court grants that aspect of the motion as unopposed. *See* Resp. [44] at 3; *see also, e.g.*, *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, at *16 (5th Cir. 2001) (unpublished table opinion).

Second, the United States moves to exclude Defendant Zaid Khalaf's self-serving hearsay statements. [38] at 2–4. The Court denies that aspect of the motion as premature. Some self-serving hearsay statements may be admissibile under Rule 106 or 803. *United States v. Mayfield*, No. 3:22-CR-31, 2024 WL 86864, at *1 (S.D. Miss. Jan. 8, 2024); *see also United States v. Alexander*, No. 3:20-CR-31-1, 2022 WL 17097741, at *1 (S.D. Miss. Nov. 21, 2022) ("The parties are aware of the Rules of Evidence and of Criminal Procedure, and will observe those rules. If either party wishes to raise any of these objections during trial, the Court will rule on them at that time.").

Third, the United States moves to preclude Khalaf from "commenting on or asking the jury to draw any negative inference from the Government's decision to call or not call a particular witness at trial." [38] at 4. The Court denies that aspect of the motion as premature. "Because the Government has identified no particular witness whose absence it seeks to preclude [Khalaf] from mentioning, the Court will not place a blanket prohibition on the mention of such witnesses until it is possible to determine whether a witness is equally available to both parties." *United States v. Ward*, No. 5:19-CR-3, 2021 WL 2463571, at *2 (S.D. Miss. June 16, 2021) (cleaned up); *see also Alexander*, 2022 WL 17097741, at *1.

Finally, the United States moves to preclude Khalaf from using interview reports to impeach an interviewee. [38] at 5–6. The Court denies that aspect of the motion as premature. "The Court will address these issues on a case-by-case basis at trial." *United States v. Auzenne*, No. 2:19-CR-53, 2020 WL 6438665, at *3 (S.D. Miss. Nov. 2, 2020) (collecting cases); *see also Alexander*, No. 3:20-CR-31-1, 2022 WL 17097741, at *1. That said, "[t]he Court instructs [Khalaf's] counsel to raise the issue outside the presence of the jury before they attempt to impeach a witness with a government agent's interview report, so that the Court may determine whether the witness has adopted the statement as his own." *Auzenne*, 2020 WL 6438665, at *3.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS IN PART and DENIES IN PART the United States' [38] Motion in Limine to Exclude Improper Evidence and Arguments.

SO ORDERED, this 25th day of March, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE